[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12293
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60297-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL F. WRUBLESKI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 6, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

A trial jury convicted Paul F. Wrubleski of charges related to tax fraud and tax evasion. He appeals a number of the district court's trial rulings. After careful review, we affirm his conviction.

I.

In 2012, a federal grand jury indicted Wrubleski, charging him with one count of attempting to interfere with the administration of the Internal Revenue laws, in violation of 26 U.S.C. § 7212(a), and four counts of filing false, fictitious, and fraudulent claims with the Internal Revenue Service, in violation of 18 U.S.C. § 287. The indictment charged Wrubleski with filing false income tax returns and knowingly making false claims for tax refunds. Wrubleski pled not guilty and went to trial.

At trial, the government called Ken Hochman, an attorney at the IRS, as one of its witnesses. Hochman testified that he represented the IRS in United States Tax Court, including in a case filed by Wrubleski in 2004 in which Wrubleski challenged the validity of an IRS collection action. Outside the presence of the jury, the district court expressed concern about Hochman's testimony. The court said it was "concerned that [] the government is attempting to take a taxpayer's participation in [the IRS] review process . . . as activity that can be looked at for the basis of a criminal charge" because "the government thinks the taxpayer was so baseless" in bringing the Tax Court action. The government explained that

2

although Wrubleski's litigation in Tax Court could not itself constitute the crime of interference with the administration of the Internal Revenue laws, Wrubleksi's previous experience in Tax Court showed his "overall willfulness" to commit other acts that constitute the crime.

When the jury returned, the district court gave a curative instruction. The court said:

> I want to be clear that the fact that [Wrubleski] went to tax court, and the fact that, for instance, the government may not be happy with how [he] acted in the tax court . . . that can't be the basis of a charge of corruptly trying to impede the proper administration of the Internal Revenue Service.
>
> If you tell somebody they can take an appeal [to the Tax Court] and they take an appeal and they lose the appeal, that's not the basis of the charge here.

The court then explained that information about Wrubleski's Tax Court litigation was "relevant only to the question of whether the government can prove that Mr. Wrubleski acted willfully." Before resuming Hochman's testimony, the court reiterated: "I want to make sure that everybody understands that how Mr. Wrubleski conducted himself in the litigation, that cannot serve as the basis for the first charge, which is the charge of corruptly impeding the administration of justice." Despite the court's instruction, Wrubleski moved for a mistrial on the ground that his "use of judicial process . . . has been portrayed as being something improperly done toward the IRS." The district court denied his motion.

3

Later in the trial, the government called Special Agent Jason Lamb to the stand. Lamb, an agent in the IRS's criminal division, testified about a handwritten note that IRS agents found while searching the office of Wrubleski's tax preparer, Teresa Marty. The note said: "Cease and desist in all aggravation of officials. Why ruffle when you can be subtle." The note also said, "MC-2 income wages, do not include[]."[1] Over Wrubleski's objection, the district court admitted the note into evidence under the co-conspirator exception to the hearsay rule.

The government also called Special Agent Robert Calabrese, the lead IRS agent on Wrubleski's case. Calabrese explained that Wrubleski filed false tax returns in which he claimed tax refunds to which he was not entitled. Calabrese then testified about a number of Wrubleski's bank, credit card, and mortgage records. He explained the IRS obtained these records in the course of its investigation so that it could compare them to the income and financial information Wrubleski had been reporting on his income tax returns. Wrubleski objected to the financial records on the ground that the certifications for each record were insufficient because they were photocopies, not originals. Wrubleski made clear that his objection did not go to the contents of the records or their certifications, but to the fact that the certifications were not originals. The court overruled that objection and admitted the bank, credit card, and mortgage records.

---

[1] Other testimony at trial established that MC-2 was one of Wrubleski's former employers.

4

After the parties rested, the district court gave the jury instructions. While explaining the burden of proof in a criminal case, the court said:

> [E]very defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or to produce any evidence at all. Remember, ladies and gentlemen, it is the government that has the burden of proving a defendant [guilty] beyond a reasonable doubt. If the <u>defendant</u> fails to do that, you must find the defendant not guilty.

(Emphasis added.) Wrubleski objected to this last sentence, and the district court continued its instructions. The court then said: "[T]he burden in this case is simply 100 percent on the shoulders of the government. Zero percent on the shoulders of the defendant."

The jury found Wrubleski guilty on all five counts. The district court sentenced Wrubleski to 36-months imprisonment for Count 1 and 55-months imprisonment for each of Counts 2 through 5, all to be served concurrently.

## II.

Wrubleski raises four claims on appeal. First, he says the district court erred by admitting the handwritten note from the office of his tax preparer. Second, he says the district court erred in denying his motion for a mistrial based on the testimony about his Tax Court litigation. Third, he says the district court erred in admitting his financial records because the certifications were copies of the originals. Fourth, he says the district court erred in its oral jury instruction on the burden of proof. We address each argument in turn.

5

A.

Wrubleski first argues the district court erred by admitting into evidence the handwritten note from his tax preparer, Teresa Marty, under Rule 801(d)(2)(E) of the Federal Rules of Evidence.  We review the district court's ruling on the admission of evidence for an abuse of discretion.  United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000).

Under Rule 801(d)(2)(E), statements of co-conspirators made "during the course and in furtherance of the conspiracy are not hearsay."  United States v. Miles, 290 F.3d 1341, 1351 (11th Cir. 2002) (per curiam).  In order for a statement to be admissible under Rule 801(d)(2)(E), "the government must prove by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) that the statement was made during the course and in furtherance of the conspiracy."  Id.

The district court did not abuse its discretion in finding the government proved the elements of this conspiracy by a preponderance of the evidence.  The evidence showed that Marty prepared Wrubleski's 2007 income tax return, which fraudulently claimed a $500,000 tax refund.  The evidence also showed that Marty and Wrubleski communicated about his tax filings and that Wrubleski paid Marty for preparing the false return.  This is sufficient to establish a conspiracy between

6

Wrubleski and Marty to file a false claim with the IRS. See United States v. Cagnina, 697 F.2d 915, 922 (11th Cir. 1983) ("Co-conspirators' statements are admissible even when no conspiracy is charged if there is independent evidence of a concert of action in which the defendant was a participant."). The evidence also established that the statement was made "in furtherance of the conspiracy." See Miles, 290 F.3d at 1351. Agents discovered the note in Marty's office, in a file that was marked with Wrubleski's name and that contained a copy of the fraudulent 2007 tax return. Beyond that, the message on the note—which discussed not "aggravat[ing] officials" and "not includ[ing]" Wrubleski's wages from his job at MC-2—appears to be a plan for accomplishing the tax fraud. Therefore, it was not an abuse of discretion for the district court to conclude that the note was a statement made between co-conspirators, admissible under Rule 801(d)(2)(E).

## B.

Next, Wrubleski challenges the district court's decision not to grant a mistrial after admitting evidence about Wrubleski's litigation against the IRS in Tax Court. We review a district court's denial of a mistrial for an abuse of discretion. United States v. Newsome, 475 F.3d 1221, 1227 (11th Cir. 2007) (per curiam).

7

Wrubleski appears to argue that using a defendant's previous legal proceedings against the IRS to prove the offense of interfering with the administration of the Internal Revenue laws, 26 U.S.C. § 7212(a), is an improper "theory of culpability."  He says the evidence of his Tax Court proceedings showed only that "[h]e took advantage of the legal avenues offered to him," and did not prove he was "corruptly trying to obstruct or impede the IRS."

Even assuming it was error to admit the evidence of Wrubleski's litigation history—a question we need not decide—the admission of this evidence did not mandate a mistrial here because the court gave an adequate curative instruction. The district court agreed with Wrubleski that a person's litigation in Tax Court could not constitute a violation of § 7212(a).  As we described above, this prompted the district court to give an extensive curative instruction.  The court instructed the jury that any actions Wrubleski filed in Tax Court "can't be the basis of a charge of corruptly trying to impede the proper administration of the Internal Revenue Service. . . .  [H]ow Mr. Wrubleski conducted himself in the litigation, that cannot serve as the basis for the first charge, which is the charge of corruptly impeding the administration of justice."  "When a curative instruction is given, this court reverses only if the evidence is so highly prejudicial as to be incurable by the trial court's admonition."  United States v. Garcia, 405 F.3d 1260, 1272 (11th Cir. 2005) (per curiam) (quotation omitted).  Here, the evidence that Wrubleski

8

challenged his tax liability in Tax Court was not so prejudicial as to be beyond the cure offered by the district court's prompt and thorough instruction. Because the district court cured the error Wrubleski complains of, the court did not abuse its discretion in denying his motion for a mistrial. See Newsome, 475 F.3d at 1227.

C.

Wrubleski next claims that the district court erred by admitting his bank, credit card, and mortgage records without original certifications from the custodian of each record. We reject this argument.

The records Wrubleski challenges were admitted under Federal Rule of Evidence 803(6), the business records exception to the rule against hearsay. A document is admissible under Rule 803(6) if (1) it was "made at or near the time by . . . someone with knowledge"; (2) it was "kept in the course of a regularly conducted activity"; and (3) "making the record was a regular practice of that activity." Fed. R. Evid. 803(6)(A)–(C). The rule says these requirements can be "shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11)." Id. 803(6)(D). Here, the government used Rule 902(11) certifications for each of the business records. Under Rule 902(11), a party may use a written "certification of the custodian" of the record to meet the requirements of Rule 803(6)(A)–(C). Id. 902(11).

9

Wrubleski objects to the admission of the business records only on the ground that the certifications the government offered were photocopies of the original certifications and "original certifications were never produced." However, nothing in Rule 902(11) requires that the certification be the original, as opposed to a photocopy. Wrubleski points to no authority to support his interpretation that the rule imposes such a requirement. Under the Federal Rules of Evidence, "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Id. 1003. Wrubleski has offered nothing that would call into question the authenticity of the original certifications or make it unfair to admit the photocopied certifications. This record discloses nothing indicating an abuse of discretion by the district court in its admission of the business records. See Jiminez, 224 F.3d at 1249.

D.

Finally, Wrubleski says the district court made "an incorrect statement of the law" during its "oral instructions" to the jury on the burden of proof. "We review jury instructions de novo to determine whether they misstate the law or mislead the jury." Gowski v. Peake, 682 F.3d 1299, 1310 (11th Cir. 2012) (per curiam).

While giving oral instructions to the jury, the district court said: "If the defendant fails to do that [i.e., prove guilt beyond a reasonable doubt], you must

10

find the defendant not guilty." Clearly, this misstated the burden of proof. Yet it is equally clear that the district court simply misspoke. Just before it made the misstatement, the court recited the burden of proof correctly. And, after Wrubleski objected to the incorrect statement, the district court promptly corrected itself, clarifying that "the burden in this case is simply 100 percent on the shoulders of the government. Zero percent on the shoulders of the defendant." Further, the written instructions the jury received correctly stated, in multiple places, that the government bears the burden of proving the defendant guilty beyond a reasonable doubt. Taken as a whole, the instructions made clear that the government, and only the government, bore the burden of proving Wrubleski's guilt. See United States v. Brown, 43 F.3d 618, 623 (11th Cir. 1995) ("We review jury instructions by determining whether the charge, viewed as a whole, sufficiently instructed the jurors so that they understood the issues involved and were not misled about the law."). On this record, we are confident the jury was not misled about the burden of proof.

     **AFFIRMED.**